UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN MEE,

    Plaintiff,

v.

BRIAN JOHNSEN, II,

    Defendant.
_____/

Case No. 19-12325
District Judge Stephanie Dawkins Davis
Magistrate Judge R. Steven Whalen

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT**

On August 8, 2019, Plaintiff Benjamin Mee, a now-released Michigan Department of Corrections ("MDOC") prisoner formerly housed at the Parnall Correctional Facility ("SMT"), filed the present action under 42 U.S.C. § 1983, alleging the violation of his rights under the First Amendment.

Currently before the Court is Plaintiff's January 29, 2020 motion for leave to amend his complaint. [ECF No. 20]. Plaintiff's proposed amended complaint is substantially identical to the original Complaint except to note that his challenge to MDOC's "insolence" policy is "as applied" rather than a facial challenge to the policy itself. [ECF No. 20, PageID.168]. Plaintiff also includes a request for "mental and emotional damages." [ECF No. 20, PageID.169].

Federal Rule of Civil Procedure 15(a) provides that once the time period for amending

a pleading once as a matter of right has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court explained:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be `freely given.'

*Id.*; *see also Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017). The decision to grant a motion to amend is within the sound discretion of the district court. *Perkins v. American Elec. Power Fuel Supply, Inc.*, 246 F.3d. 593, 605 (6th Cir. 2001).

In his proposed amended complaint, Plaintiff clarifies that he seeks to challenge MDOC's insolence policy as applied by the defendant corrections officer. "A facial challenge to a law's constitutionality is an effort 'to invalidate the law in each of its applications, to take the law off the books completely.'" *Speet v. Schuette*, 726 F.3d 867, 871–72 (6th Cir. 2013)(*quoting Connection Distrib. Co. v. Holder*, 557 F.3d 321, 335 (6th Cir.2009) (*en banc*). In contrast, in an "as-applied challenge," a plaintiff "argues that a law is unconstitutional as enforced." *Id.* at 872. Plaintiff's clarification that his First Amendment action challenges the application of the policy rather than policy itself is sufficient to clear the "when justice so requires" bar under Rule 15(a).

However, Plaintiff's added request for "mental and emotional" damages is futile.

The Prison Litigation Reform Act ("PLRA") provides:

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a showing of physical injury.

42 U.S.C. § 1997e(e). However, although under the plain language of statute a plaintiff cannot receive damages for mental or emotional injury absent a physical injury, s/he can receive compensatory and punitive damages. *See King v. Zamiara*, 788 F.3d 207, 215-16 (6th Cir. 2015)(compensatory and punitive damages for First Amendment violations not inconsistent with § 1997e(e)).[1]

Thus, Plaintiff may file an amended complaint reflecting that the First Amendment claim pertains to how the MDOC's insolence policy is applied by Defendant. However, because his request for mental and emotional damages is futile, it will be omitted from the amended complaint.

Accordingly, Plaintiff's motion is GRANTED to the extent that he be allowed to amend the Complaint to allow for First Amendment "as applied" claims but DENIED as to

---

[1] In reply, Plaintiff argues that under *Siggers-El v. Barlow,* 433 F. Supp.2d 811, 816 (E.D. Mich. 2006) that "mental or emotional damages" are available for a First Amendment violation. [ECF No. 22, PageID.183]. However, *King,* decided nine years after *Siggers-El,* clarifies that § 1997e(e) is applicable to the extent that mental and emotional damages are barred absent a physical injury but that the statute cannot be read to preclude compensatory or punitive damages. *King,* 788 F.3d at 215-16.

his request to amend to request mental and emotional damages.   Plaintiff will file an amended complaint consistent with this order within 14 days.

IT IS SO ORDERED.

                                          s/R. Steven Whalen
                                          R. STEVEN WHALEN
                                          United States Magistrate Judge

Dated: April 1, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 1, 2020 electronically and/or by U.S. mail.

                                          s/Carolyn M. Ciesla
                                          Case Manager